L.B.F. 3015.1

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re: **Anderson D. Forrest, III**　　　　　　　　　　　　Chapter 13

　　　　　　　　　　Debtor(s)　　　　　　　　　　Case No. __**24-14001**__

**Chapter 13 Plan**

☐ Original

■ __**AMENDED**__  Amended

Date: **April 10, 2025**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

---

**Part 1: Bankruptcy Rule 3015.1(c)  Disclosures**

　　☐　　Plan contains non-standard or additional provisions – see Part 9

　　☐　　Plan limits the amount of secured claim(s) based on value of collateral and/or changed interest rate – see Part 4

　　☐　　Plan avoids a security interest or lien – see Part 4 and/or Part 9

---

**Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE**

　**§ 2(a) Plan payments (For Initial and Amended Plans):**

　　**Total Length of Plan: 60 months.**
　　**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $_____
　　Debtor shall pay the Trustee $_____ per month for _____ months; and then
　　Debtor shall pay the Trustee $_____ per month for the remaining _____ months.

**or**

　　Debtor shall have already paid the Trustee $__**0.00**__ through month number _____ and then shall pay the Trustee $**0.00** per month for the remaining _____ months.

　　☐ Other changes in the scheduled plan payment are set forth in § 2(d)

　**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

　**§ 2(c) Alternative treatment of secured claims:**

☒ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

☐ **Sale of real property**
See § 7(c) below for detailed description

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

Payment of $ **1,701.30** for **57** months beginning in month **4**.

**§ 2(e) Estimated Distribution**

| | | | |
|---|---|---|---|
| A. | Total Administrative Fees (Part 3) | | |
| | 1. Postpetition attorney's fees and costs | $ | 2,500.00 |
| | 2. Postconfirmation Supplemental attorney's fee's and costs | $ | 0.00 |
| | Subtotal | $ | 2,500.00 |
| B. | Other Priority Claims (Part 3) | $ | 14,122.05 |
| C. | Total distribution to cure defaults (§ 4(b)) | $ | 1,133.30 |
| D. | Total distribution on secured claims (§§ 4(c) &(d)) | $ | 0.00 |
| E. | Total distribution on general unsecured claims (Part 5) | $ | 73,293.24 |
| | Subtotal | $ | 91,048.59 |
| F. | Estimated Trustee's Commission | $ | 10,116.51 |
| G. | Base Amount | $ | 101,165.10 |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☐ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $____ with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

### Part 3: Priority Claims

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Proof of Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| **Joseph T. Bambrick Jr.** | | **Attorney Fee** | $ 2,500.00 |
| **IRS** | | **11 U.S.C. 507(a)(8)** | $ 14,122.05 |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒    **None.** If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Proof of Claim Number | Amount to be Paid by Trustee |
|---|---|---|

(12/2024)                                    2

| Name of Creditor | Proof of Claim Number | Amount to be Paid by Trustee |
|---|---|---|
|  |  |  |

## Part 4: Secured Claims

**§ 4(a) Secured Claims Receiving No Distribution from the Trustee:**

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
| ☐ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law.<br>**PSECU** |  | **2017 Cadilac CT6 Luxury 67,000 miles** |

**§ 4(b) Curing default and maintaining payments**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Proof of Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| **Wells Fargo Mortage** |  | **67 Sherman Road Birdsboro, PA 19508  Berks County** | **$1,133.30** |

**§ 4(c) Allowed secured claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

■ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

■ **None**. If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(12/2024)                                                                3

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.*

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

### § 4(e) Surrender

■ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

☐ (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.
(2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.
(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
|  |  |  |

### § 4(f) Loan Modification

■ **None**. If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of _____ per month, which represents _____ *(describe basis of adequate protection payment)*. Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5: General Unsecured Claims

### § 5(a) Separately classified allowed unsecured non-priority claims

■ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Proof of Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

### § 5(b) Timely filed unsecured non-priority claims

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follow**s** *(check one box)***:**

■ Pro rata

☐ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

(12/2024)                                    4

■ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Proof of Claim Number | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|---|
|  |  |  |  |

## Part 7: Other Provisions

### § 7(a) General principles applicable to the Plan

(1) Vesting of Property of the Estate *(check one box)*

■ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan. Debtor shall amend the plan or file an objection should a filed unsecured claim render the Plan unfeasible.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

### § 7(c) Sale of Real Property

■ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date")..

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale pursuant to 11 U.S.C. §363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less than $_____ shall be made payable to the Trustee.

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline: _____.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1**: Trustee Commissions*
**Level 2**: Domestic Support Obligations
**Level 3**: Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5**: Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent. If the Trustee's compensation rate increases resulting in the Plan becoming underfunded, the debtor shall move to modify the Plan to pay the difference.*

## Part 9: Non-Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Non-standard or additional plan provisions placed elsewhere in the Plan are void.

■ **None.** If "None" is checked, the rest of Part 9 need not be completed.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no non-standard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date:  **April 10, 2025**                              **/s/ Joseph T. Bambrick Jr.**
                                                       **Joseph T. Bambrick Jr.**
                                                       Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date:  **April 10, 2025**                              **/s/ Anderson D. Forrest, III**
                                                       **Anderson D. Forrest, III**
                                                       Debtor

Date: _____                                           _____
                                                       Joint Debtor

(12/2024)                                    6

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Anderson D. Forrest, III** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of Pennsylvania |
| Case number (if known) | 24-14001 |

Check as directed in lines 17 and 21:

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

■ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

■ 4. The commitment period is 5 years.

■ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

10/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.
   - ☐ **Not married**. Fill out Column A, lines 2-11.
   - ■ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 7,184.38 | $ 7,982.80 |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

   Debtor 1
   - Gross receipts (before all deductions)          $ 0.00
   - Ordinary and necessary operating expenses       -$ 0.00
   - Net monthly income from a business, profession, or farm  $ 0.00  Copy here -> $ 0.00   $ 0.00

6. **Net income from rental and other real property**

   Debtor 1
   - Gross receipts (before all deductions)          $ 0.00
   - Ordinary and necessary operating expenses       -$ 0.00
   - Net monthly income from rental or other real property  $ 0.00  Copy here -> $ 0.00   $ 0.00

| Debtor 1 | Anderson D. Forrest, III | Case number (*if known*) | 24-14001 |
|---|---|---|---|

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you              $ 0.00
For your spouse      $ 0.00

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.     $ 0.00     $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

|  |  |  |
|---|---|---|
|  | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.   $ 7,184.38 + $ 7,982.80 = $ 15,167.18  **Total average monthly income**

## Part 2: Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.**  $ 15,167.18

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

■ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

|  | $ |
|---|---|
|  | $ |
| + | $ |

Total    $ 0.00   Copy here=>   − 0.00

14. **Your current monthly income.** Subtract line 13 from line 12.   $ 15,167.18

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=>   $ 15,167.18

| Debtor 1 | **Anderson D. Forrest, III** | Case number (*if known*) | **24-14001** |
|---|---|---|---|

|   | Multiply line 15a by 12 (the number of months in a year). | x 12 |
|---|---|---|
| 15b. | The result is your current monthly income for the year for this part of the form. | $ **182,006.16** |

16. **Calculate the median family income that applies to you.** Follow these steps:

   16a. Fill in the state in which you live.  **PA**

   16b. Fill in the number of people in your household.  **5**

   16c. Fill in the median family income for your state and size of household.  $ **132,051.00**

   To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

   17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

   17b. ■ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3:    Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)**

18. **Copy your total average monthly income from line 11.**  $ **15,167.18**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

   19a. If the marital adjustment does not apply, fill in 0 on line 19a.  -$ **0.00**

   19b. **Subtract line 19a from line 18.**  $ **15,167.18**

20. **Calculate your current monthly income for the year.** Follow these steps:

   20a. Copy line 19b  $ **15,167.18**

   Multiply by 12 (the number of months in a year).  x 12

   20b. The result is your current monthly income for the year for this part of the form  $ **182,006.16**

   20c. Copy the median family income for your state and size of household from line 16c  $ **132,051.00**

21. **How do the lines compare?**

   ☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

   ■ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

**Part 4:    Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Anderson D. Forrest, III**
**Anderson D. Forrest, III**
Signature of Debtor 1

Date **April 10, 2025**
     MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Debtor 1    **Anderson D. Forrest, III**                                    Case number (*if known*)    **24-14001**

Debtor 1   **Anderson D. Forrest, III**                               Case number (*if known*)   **24-14001**

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **05/01/2024** to **10/31/2024**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **RACC**
Year-to-Date Income:
Starting Year-to-Date Income:  **$30,284.54**  from check dated   **4/30/2024**   .
Ending Year-to-Date Income:  **$73,390.84**  from check dated   **10/31/2024**   .
Income for six-month period (Ending-Starting):  **$43,106.30**  .
Average Monthly Income:  **$7,184.38**  .

| Debtor 1 | Anderson D. Forrest, III | Case number (*if known*) | **24-14001** |
|---|---|---|---|

# Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **05/01/2024** to **10/31/2024**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Carpenter**
Year-to-Date Income:
Starting Year-to-Date Income:  **$25,360.90**  from check dated   **4/30/2024**  .
Ending Year-to-Date Income:  **$73,257.72**  from check dated   **10/31/2024**  .
Income for six-month period (Ending-Starting):  **$47,896.82**  .
Average Monthly Income:  **$7,982.80**  .

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Anderson D. Forrest, III** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of Pennsylvania |
| Case number (if known) | **24-14001** |

■ Check if this is an amended filing

Official Form 122C-2
# Chapter 13 Calculation of Your Disposable Income                    04/22

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

## Part 1: Calculate Your Deductions from Your Income

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.    **5**

   **National Standards**    You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.    $ **2,413.00**

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

| Debtor 1 | Anderson D. Forrest, III | Case number (*if known*) | 24-14001 |
|---|---|---|---|

**People who are under 65 years of age**

| | | | | | | |
|---|---|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ | 83 | | | |
| 7b. | Number of people who are under 65 | X | 5 | | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ | 415.00 | Copy here=> | $ | 415.00 |

**People who are 65 years of age or older**

| | | | | | | |
|---|---|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ | 158 | | | |
| 7e. | Number of people who are 65 or older | X | 0 | | | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ | 0.00 | Copy here=> | $ | 0.00 |
| 7g. | **Total.** Add line 7c and line 7f | $ | 415.00 | Copy total here=> | $ | 415.00 |

**Local Standards**   You must use the IRS Local Standards to answer the questions in lines 8-15.

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

■ **Housing and utilities - Insurance and operating expenses**

■ **Housing and utilities - Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8. **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.    $ 852.00

9. **Housing and utilities - Mortgage or rent expenses:**

   9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.    $ 1,719.00

   9b. Total average monthly payment for all mortgages and other debts secured by your home.
   
   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment | |
|---|---|---|
| **Wells Fargo Mortage** | $ | 1,885.44 |
| 9b. Total average monthly payment | $ | 1,885.44 |

Copy here=> -$ 1,885.44   Repeat this amount on line 33a.

   9c. Net mortgage or rent expense.
   
   Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.    $ 0.00   Copy here=> $ 0.00

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $ 0.00

    Explain why: _____

Debtor 1  **Anderson D. Forrest, III**   Case number (*if known*)  **24-14001**

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

    ☐ 0. Go to line 14.

    ☐ 1. Go to line 12.

    ☒ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.   $ **570.00**

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

    **Vehicle 1**  Describe Vehicle 1: **2017 Cadilac CT6 Luxury 67,000 miles**

    13a. Ownership or leasing costs using IRS Local Standard................................ $ **619.00**

    13b. Average monthly payment for all debts secured by Vehicle 1.
    Do not include costs for leased vehicles.

    To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

    | Name of each creditor for Vehicle 1 | Average monthly payment |
    |---|---|
    | **PSECU** | $ **154.50** |
    | Total Average Monthly Payment | $ **154.50** |

    Copy here => -$ **154.50**  Repeat this amount on line 33b.

    13c. Net Vehicle 1 ownership or lease expense
    Subtract line 13b from line 13a. if the numbert is less than $0, enter $0.  ................. $ **464.50**

    Copy net Vehicle 1 expense here => $ **464.50**

    **Vehicle 2**  Describe Vehicle 2: **Cadilac CTS 2011**

    13d. Ownership or leasing costs using IRS Local Standard................................ $ **0.00**

    13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

    | Name of each creditor for Vehicle 2 | Average monthly payment |
    |---|---|
    | **-NONE-** | $ |
    | Total average monthly payment | $ **0.00** |

    Copy here => -$ **0.00**  Repeat this amount on line 33c.

    13f. Net Vehicle 2 ownership or lease expense
    Subtract line 13e from line 13d. if this number is less than $0, enter $0.  ................... $ **0.00**

    Copy net Vehicle 2 expense here => $ **0.00**

14. **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.   $ **0.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.   $ **0.00**

| Debtor 1 | **Anderson D. Forrest, III** | Case number (*if known*) | **24-14001** |
|---|---|---|---|

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.
    Do not include real estate, sales, or use taxes.  $ **0.00**

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.
    Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.  $ **0.00**

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.
    Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.  $ **0.00**

19. **Court-ordered payments**: The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.
    Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.  $ **0.00**

20. **Education:** The total monthly amount that you pay for education that is either required:
    ■ as a condition for your job, or
    ■ for your physically or mentally challenged dependent child if no public education is available for similar services.  $ **0.00**

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
    Do not include payments for any elementary or secondary school education.  $ **0.00**

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
    Payments for health insurance or health savings accounts should be listed only in line 25.  $ **0.00**

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.
    Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted.  **+**$ **0.00**

24. **Add all of the expenses allowed under the IRS expense allowances.**
    Add lines 6 through 23.  $ **4,714.50**

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. |
|---|---|
| | *Note*: Do not include any expense allowances listed in lines 6-24. |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

    | | | |
    |---|---|---|
    | Health insurance | $ | **0.00** |
    | Disability insurance | $ | **0.00** |
    | Health savings account | **+** $ | **0.00** |
    | Total | $ **0.00** | **Copy total here=>** $ **0.00** |

    Do you actually spend this total amount?
    ☐  No. How much do you actually spend?
    ■  Yes    $ _____

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program.  26 U.S.C. § 529A(b).  $ **0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
    By law, the court must keep the nature of these expenses confidential.  $ **0.00**

| Debtor 1 | Anderson D. Forrest, III | Case number (*if known*) | 24-14001 |
|---|---|---|---|

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

    If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.

    You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary. $ **0.00**

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $189.58* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

    You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

    * Subject to adjustment on 4/01/25, and every 3 years after that for cases begun on or after the date of adjustment. $ **0.00**

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

    To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

    You must show that the additional amount claimed is reasonable and necessary. $ **86.00**

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

    Do not include any amount more than 15% of your gross monthly income. $ **0.00**

32. **Add all of the additional expense deductions.** $ **86.00**
    Add lines 25 through 31.

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

    **Mortgages on your home**                                                              **Average monthly payment**

    33a. Copy line 9b here _____ => $ **1,885.44**

    **Loans on your first two vehicles**

    33b. Copy line 13b here _____ => $ **154.50**

    33c. Copy line 13e here _____ => $ **0.00**

    33d. List other secured debts

    | Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
    |---|---|---|---|
    | -NONE- | | ☐ No  ☐ Yes | $ |
    | | | ☐ No  ☐ Yes | $ |
    | | | ☐ No  ☐ Yes + | $ |

    33e. Total average monthly payment. Add lines 33a through 33d    $ **2,039.94**    Copy total here=>  $ **2,039.94**

Official Form 122C-2    **Chapter 13 Calculation of Your Disposable Income**    **page 5**

Debtor 1  **Anderson D. Forrest, III**      Case number (*if known*) **24-14001**

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

    ☐ No. Go to line 35.

    ■ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| Wells Fargo Mortage | 67 Sherman Road Birdsboro, PA 19508  Berks County | $ 1,133.30 | ÷ 60 = $ | 18.89 |
| | | $ | ÷ 60 = $ | |
| | | $ | ÷ 60 = +$ | |
| | Total | $ 18.89 | **Copy total here=>** | $ 18.89 |

35. **Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

    ☐ No. Go to line 36.

    ■ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

    Total amount of all past-due priority claims    $ 14,122.05  ÷ 60  $ 235.37

36. **Projected monthly Chapter 13 plan payment**    $ _____

    Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).    X _____

    To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

    Average monthly administrative expense    $ _____  **Copy total here=>**  $ _____

37. **Add all of the deductions for debt payment.** Add lines 33e through 36.    $ 2,294.20

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

    | | | |
    |---|---|---|
    | Copy line 24, *All of the expenses allowed under IRS expense allowances* | $ | 4,714.50 |
    | Copy line 32, *All of the additional expense deductions* | $ | 86.00 |
    | Copy line 37, *All of the deductions for debt payment* | +$ | 2,294.20 |
    | Total deductions............................................................... | $ | 7,094.70 |  **Copy total here=>**  $ 7,094.70

| Debtor 1 | Anderson D. Forrest, III | Case number (*if known*) | **24-14001** |
|---|---|---|---|

**Part 2:    Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)**

39. **Copy your total current monthly income from line 14 of Form 122C-1,** *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*     $ **15,167.18**

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.     $ **0.00**

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).     $ **0.00**

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here  =>   $ **7,094.70**

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| **Describe the special circumstances** | **Amount of expense** |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| **Total** $ **0.00** | **Copy here=>** $ **0.00** |

44. **Total adjustments.** Add lines 40 through 43 _____ =>   $ **7,094.70**    **Copy here=>** -$ **7,094.70**

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.     $ **8,072.48**

**Part 3:    Change in Income or Expenses**

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ _____ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ _____ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ _____ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ _____ |

| Debtor 1 | **Anderson D. Forrest, III** | Case number (*if known*) | **24-14001** |
|---|---|---|---|

| |
|---|
| **Part 4:**  **Sign Below** |
| By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.<br><br>**X** **/s/ Anderson D. Forrest, III**<br>**Anderson D. Forrest, III**<br>Signature of Debtor 1<br><br>Date **April 10, 2025**<br>MM / DD / YYYY |